Case 3:16-cv-00260   Document 5   Filed in TXSD on 09/29/16   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RODNEY WAYNE CHITWOOD, TDCJ #00393686, | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-260 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Rodney Wayne Chitwood (TDCJ #00393686), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Chitwood has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison disciplinary proceeding (Dkt. 1 at p. 2). After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **DISMISSED** for the reasons set forth below.

I.   **BACKGROUND**

Chitwood is confined in the Stringfellow Unit (Dkt. 1 at pp. 1–2). In this habeas proceeding, Chitwood challenges not his underlying conviction but the result of a prison disciplinary proceeding lodged against him (Dkt. 1 at pp. 2, 5). In his habeas petition, Chitwood explains that he was charged in disciplinary case #20160335875 with stealing food

(Dkt. 1 at pp. 5–6). He was found guilty as charged on July 12, 2016 and, as punishment, had his custody classification reduced and was placed on commissary and recreation restriction for 15 days (Dkt. 1 at pp. 5–7). Chitwood did not lose any previously earned good-time days (Dkt. 1 at p. 5).

In the pending petition, Chitwood contends that his disciplinary conviction was supported by insufficient evidence (Dkt. 1 at p. 6). For the reasons set forth below, the Court holds that Chitwood fails to state an actionable claim under the standard of review that governs disciplinary proceedings in the prison context.

## II.  PRISON DISCIPLINARY PROCEEDINGS

Chitwood seeks a federal writ of habeas corpus to challenge a prison disciplinary conviction. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, a habeas corpus petitioner must establish a constitutional violation in order to prevail. Chitwood's claims, on their face, fail to make the requisite showing.

### A.  Due Process

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Wolff v. McDonnell*,

418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are only entitled to relief under the Due Process Clause when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). These protected liberty interests can emanate from either the Due Process Clause itself or from state law—*Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)—but the range of constitutionally protected liberty interests is a "narrow" one. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin*).

Chitwood does not identify any particular right found in the Due Process Clause upon which his habeas petition is grounded. To the extent that the disciplinary conviction and its consequent reduction in his time-earning classification may affect Chitwood's eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Under these circumstances, then, Chitwood's petition depends on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487; *see also Kyle*, 65 F.3d at 31–32. In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release. *Malchi v. Thaler*, 211 F.3d 953,

956–59 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *Teague v. Quarterman*, 482 F.3d 769, 774–77 (5th Cir. 2007) (discussing the mandatory supervision schemes in place both before and after September 1, 1996). It follows that a Texas prisoner cannot demonstrate a constitutional violation without first establishing: (1) that he is eligible for early release on mandatory supervision; and (2) that the disciplinary conviction at issue resulted in a loss of credit for good conduct (*i.e.*, good-time credit). *Malchi*, 211 F.3d at 956–59 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Chitwood says in his petition that he is eligible for early release on mandatory supervision; however, he concedes that he did not lose good-time credit as a result of his disciplinary conviction (Dkt. 1 at p. 5). This is fatal to his due process claims. *Id.*

It is true that the disciplinary conviction at issue resulted in a reduction in Chitwood's custody classification; but the Fifth Circuit has held that reductions in a prisoner's time-earning status, and the potential impact of those reductions on good-time credit earning ability, are too attenuated from the prisoner's ultimate release date to invoke the procedural guarantees of the Due Process Clause. *Malchi*, 211 F.3d at 958–59; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Moreover, the changes in the conditions of Chitwood's confinement that are attendant to the reduction in his custody classification do not affect the duration or fact of Chitwood's confinement and

4

do not constitute atypical, significant hardships that go beyond the ordinary incidents of prison life. They therefore do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Malchi*, 211 F.3d at 958 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973)). The same is true of the temporary limitations imposed on Chitwood's privileges. *Id.*

Because the sanctions at issue do not implicate a protected liberty interest, Chitwood cannot demonstrate a violation of the Due Process Clause. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Kyle*, 65 F.3d at 31–32; *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Thus, the pending federal habeas petition must be dismissed.

### III.  CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a

petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the constitutional claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

3. All pending motions are **DENIED** as moot.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on September 29, 2016.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE